**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-4754**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

RUBEN SANCHEZ-GUZMAN, a/k/a Ruben,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00010-RLV-DSC-6)

———————

Submitted: August 12, 2010      Decided: September 8, 2010

———————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Sanchez-Guzman was convicted by a jury of one count of conspiracy to possess with intent to distribute a quantity of cocaine and methamphetamine, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 168 months' imprisonment. On appeal, Sanchez-Guzman argues that the district court erred in admitting certain firearm evidence and in its application of U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2008). We affirm.

Sanchez-Guzman challenges the district court's decision to admit certain photographs, taken during the course of the conspiracy, depicting him and some of his co-conspirators holding various firearms, as well as evidence of his arrest for possession of a firearm, which occurred three days prior to his arrest in the present case. We review the district court's admission of evidence for an abuse of discretion, "which we will not find unless the evidence was arbitrary and irrational." United States v. Blake, 571 F.3d 331, 346 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 1104 (2010). "Evidentiary rulings are . . . subject to harmless error analysis." United States v. Roe, 606 F.3d 180, 185 (4th Cir. 2010). We conclude the district court did not abuse its discretion by finding the firearm evidence at issue relevant and

that its probative value was not substantially outweighed by the danger of unfair prejudice.

Sanchez-Guzman also contends that the district court erred in its application of USSG § 2D1.1(b)(1). The guidelines provide that a district court is to increase a defendant's base offense level two levels "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, cmt. n.3. The enhancement is proper when "the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction," United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted), and even in the absence of proof of "precisely concurrent acts, for example, gun in hand while in the act of storing drugs, drugs in hand while in the act of retrieving a gun," United States v. Johnson, 943 F.2d 383, 386 (4th Cir. 1991) (per curiam). Whether the district court properly applied the USSG § 2D1.1(b)(1) enhancement is reviewed for clear error. Manigan, 592 F.3d at 631-32. Our review of the transcript supports the application of this enhancement. In addition to the photographic evidence, the district court considered evidence that a witness gave Sanchez-Guzman a firearm and that a search

3

of a co-defendant's home revealed a number of firearms. Accordingly, we find no error.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4